22740

FINANCE AMERICA CORPORATION, Respondent v. GALAXY BOAT MANUFACTURING COMPANY, INC., Appellant.

(357 S. E. (2d) 460)

Supreme Court

*W. N. Moore,* Columbia, *for appellant.*

*John B. Butler, Jr.,* Columbia, *for respondent.*

Heard June 10, 1987.

Decided June 22, 1987.

*Per Curiam:*

This is a claim and delivery action involving a boat and related equipment. Appellant (Manufacturer) appeals the circuit court's affirmance of the master's order. We reverse.

The facts in this case are undisputed. Manufacturer placed inventory including the boat in question with Boat World Marine, Inc. (Dealer) for retail sale and took a security interest in Dealer's inventory and proceeds. Manufacturer retained the original certificate of title to the boat.

On May 15, 1981, Dealer sold the boat to the Marions (Consumers) who signed a credit sale contract. Dealer then sold the credit sale contract to respondent (Finance Corp.) who filed a financing statement covering the boat.

Consumers subsequently revoked acceptance of the boat. They agreed to return the boat to Finance Corp. in exchange for a release from the credit sales contract. While the boat was at Dealer's for repairs, however, Manufacturer took possession of it along with the rest of Dealer's inventory in satisfaction of its security interest. Manufacturer then sold the boat to another party.

Finance Corp. instituted this suit to recover the value of the boat from Manufacturer in satisfaction of its asserted security interest arising from the purchase of the credit sales contract. The master found that under S. C. Code Ann. §§ 36-9-308 and-9-306(5)(b) (1976), Finance Corp. was entitled to recover from Manufacturer. The circuit court affirmed.

In our view, the lower court improperly relied on § 36-9-306(5)(b)[1] to determine the priorities between the parties without reference to S. C. Code Ann. § 36-9-306(5)(d) (1976).[2] Section 36-9-306(5)(d) requires that Finance Corp.'s security interest in the returned boat be perfected in order to take priority over Manufacturer's security interest. *See, e.g., Crocker National Bank v. Clark Equipment Credit Corp.*, 724 F. (2d) 696 (8th Cir. 1984).

The issue of perfection is determined by S. C. Code Ann. § 36-9-302(3)(b) and (4) (1976) which provide as follows:

> (3) The filing provisions of this chapter do not apply to a security interest in property subject to a statute
>
> (b) of this State which provides for central filing of, or which requires indication in a certificate of title of, such security interests in such property. . . .
>
> (4) A security interest in property covered by a statute decribed in subsection (3) can be perfected only by registration or filing under that statute or by indication of the security interest on a certificate of title or a duplicate thereof by a public official.

In South Carolina, a lien on watercraft must be indicated on its certificate of title. S. C. Code Ann. §§ 50-23-50(a), (b)(1), and -23-90(a)(3) (1976); *see also* § 50-23-140(c) (Supp. 1984) (enacted after occurrence of the facts in this case). Finance Corp.'s filing of a financing statement therefore was not sufficient to perfect its security interest in the boat. *See, e.g., In re Manufacturers Credit Corp.*, 441 F. (2d) 1313 (3d Cir. 1971); *In re Firth,* 363 F. Supp. 369 (D. Ga. 1973).

Because Finance Corp. never had its lien noted on the

---

[1] Section 36-9-306(5)(b) provides:

(5) If a sale of goods results in an account or chattel paper which is transferred by the seller to a secured party, and if the goods are returned to or are repossessed by the seller or the secured party, the following rules determine priorities:

(b) An unpaid transferee of the chattel paper has a security interest in the goods against the transferor. Such security interest is prior to a security interest asserted under paragraph (a) to the extent that the transferee of the chattel paper was entitled to priority under § 36-9-308.

[2] Section 36-9-306(5)(d) provides:

(d) A security interest of an unpaid transferee asserted under paragraph (b) or (c) *must be perfected* for protection against creditors of the transferor and purchasers of the returned or repossessed goods. (Emphasis added).

boat's certificate of title, its security interest was unperfected at all times. Finance Corp. therefore cannot claim priority under § 36-9-306(5)(d) and Manufacturer's security interest prevails under S. C. Code Ann. § 36-9-306(5)(a) (1976).[3]

Accordingly, the judgment of the circuit court is reversed and the case remanded for entry of judgment in appellant's favor.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[3] Section 36-9-306(5)(a) provides:

(a) If the goods were collateral at the time of sale for an indebtedness of the seller which is still unpaid, the original security interest attaches again to the goods and continues as a perfected security interest if it was perfected at the time when the goods were sold. If the security interest was originally perfected by a filing which is still effective, nothing further is required to continue the perfected status; in any other case, the secured party must take possession of the returned or repossessed goods or must file.